IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dewain Teasley, ) | Case No. 8:24-cv-01347-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United Parcel Service, Inc., and Aubary ) | |
| Farmer, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Defendants' motion for partial judgment on the pleadings. ECF No. 36. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendants' motion be granted in part and denied in part. ECF No. 47. Plaintiff and Defendants filed objections and replies. ECF Nos. 49, 50, 52, 54.[1] Accordingly, this matter is ripe for review.

---

[1] Defendants also filed an unauthorized sur-reply. ECF No. 59. Defendants contend they filed the unauthorized sur-reply because Plaintiff raised new issues in his response. However, the undersigned has a standing order outlining the procedure required to request permission to file a sur-reply; Defendants did not follow the proper procedure. Nevertheless, the Court has considered the sur-reply in making this ruling. All counsel should be cognizant of the Court's standing orders and preferences going forward.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

Upon review, the Court finds that the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. In his Amended Complaint, Plaintiff raises claims for race discrimination and retaliation in violation of state law and Title VII of the Civil Rights Act of 1964 ("Title VII"), retaliation in violation of state law and Title VII, age discrimination in violation of state law and the Age Discrimination in Employment Act ("ADEA"), discrimination in violation of 42 U.S.C. § 1981, retaliation in violation of § 1981, hostile work environment in violation of § 1981, retaliation under the Family and Medical Leave Act, and defamation. ECF No. 19.

Defendants moved for partial judgment on the pleadings with respect to Plaintiff's defamation claims; his claims pursuant to the South Carolina Human Affairs Law; discrete acts of disparate treatment under Title VII and ADEA that occurred more than 300 days before he filed his administrative charge of discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"); and his Title VII, ADEA, and South Carolina Human Affairs Law claims against Farmer in his individual capacity.  ECF No. 36.  Because objections have been filed, the Court's review has been de novo except where specifically stated otherwise.

As an initial matter, the Magistrate Judge recognizes that Plaintiff consents to the dismissal of his state law discrimination and retaliation claims against both Defendants in his First, Second, and Third causes of action and his claims pursuant to Title VII and the ADEA against Defendant Farmer in his individual capacity in Plaintiff's First, Second, and Third causes of action.  Because no party has objected to this recommendation, the Court's review has been for clear error.  Upon such review, the Court agrees with the recommendation of the Magistrate Judge and dismisses these claims.  The Court now turns to the remaining portions of Defendants' partial motion for judgment on the pleadings.

*Defamation*

The Magistrate Judge determined that any claim of defamation occurring prior to January 12, 2022, is barred by the statute of limitations.  The Magistrate Judge further found that Plaintiff's claim of defamation arising out of acts on March 14, 2022, was not time-barred but that Plaintiff had failed to allege sufficient facts in support of this claim.

3

Plaintiff does not object to the Magistrate Judge's conclusion that claims of defamation prior to January 12, 2022, are time-barred but does object to the finding that he has not sufficiently alleged a claim for defamation on March 14, 2022.

Upon de novo review, the Court agrees with the Magistrate Judge that any claim for defamation prior to January 12, 2022, is barred by the statute of limitations but disagrees that Plaintiff has not sufficiently alleged a claim for defamation arising from events that occurred on March 14, 2022.

To state a plausible claim of defamation a plaintiff must plead that : "(1) a false and defamatory statement was made; (2) the unprivileged publication of the statement was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement regardless of special harm or the publication of the statement caused special harm." *Kunst v. Loree*, 817 S.E.2d 295, 302 (S.C. Ct. App. 2018). "'To render the defamatory statement actionable, it is not necessary that the false charge be made in a direct, open and positive manner. A mere insinuation is as actionable as a positive assertion if it is false and malicious and the meaning is plain.'" *Tyler v. Macks Stores of S.C., Inc.*, 272 S.E.2d 633, 634 (S.C. 1980) (quoting *Timmons v. News & Press, Inc.*, 103 S.E.2d 277, 280 (S.C. 1958)).

The Magistrate Judge determined that "[t]here is no allegation that Defendants communicated [an] insinuation [that Plaintiff was dangerous and posed a criminal threat to UPS employees and others] or that police escorted Plaintiff from the premises." ECF No. 47 at 6. He further stated that "[t]here are also no allegations showing how the meaning of this alleged insinuation is plain." *Id.* Upon review, the Court agrees with

4

Plaintiff that his allegations that "Defendants action and request for a police presence to protect them from any supposed threat by Plaintiff was made known to all UPS employees who worked at the Anderson facility" and that "Defendants actions and statements were intended to be, and interpreted by others to be, a signal that Plaintiff posed a threat of harm to UPS employees and the general community" are sufficiently specific at this stage of the proceedings state a claim for relief. Defendants cite to *Johnson v. Dillard's Inc.*, C/A No. 3:03-cv-03445-MBS, 2007 WL 2792232 (D.S.C. 2007), for the proposition that a police escort, without more, is insufficient to state a claim for defamation; however, here, Plaintiff alleges that the fact that Plaintiff was alleged to be a threat "was made known to all UPS employees who worked at the Anderson facility."

Further, the Court agrees with Plaintiff that there are allegations showing that the meaning of the insinuation was plain. Plaintiff alleges that Defendants made it known to the employees at the Anderson facility that the police were present because Plaintiff had allegedly made threats of violence. Thus, the insinuation that Plaintiff posed a threat was plain. Accordingly, this portion of the Report is overruled, and Defendants' motion is denied.

***Title VII and ADEA***

As noted by the Magistrate Judge, Defendants argue that Plaintiff's Title VII and ADEA claims against UPS are time-barred because some of acts related to these claims occurred more than 300 days before Plaintiff filed his Charge with the EEOC; Plaintiff contends that consideration of these claims is proper under the continuing violation theory. The Magistrate Judge determined that the continuing violation theory can

5

constitute an exception to the 300-day limitation with respect to hostile work environment claims, that Plaintiff pled a plausible hostile work environment claims as to the Title VII and ADEA claims in his First and Third causes of action, and that the Charge and Amended Complaint allege a "mixed bag" of discrete acts of discrimination and hostile work environment. Therefore, the Magistrate Judge recommended finding that Defendants' actions outside the 300-day period may be relevant and further recommended denying Defendants' motion as to these claims. In their objections, Defendants argue that discrete acts outside the 300-day window are time barred and cannot be resurrected as a part of a hostile work environment claim. Specifically, they request dismissal of Plaintiff's Title VII and ADEA claims to the extent they are premised upon his March 15, 2021, suspension or any other discrete act predating June 5, 2021. Upon review, the Court agrees with Defendants' general proposition but finds that this issue requires further review.

Defendants assert that the Magistrate Judge did not address the Second cause of action, which is not a hostile work environment claim, and that he did not address the portions of the First and Third causes of action that are not hostile work environment claims. The Court agrees that these claims have not been addressed. The Magistrate Judge correctly stated that there is a 300-day statute of limitations and that the continuing violation theory only applies to hostile work environment claims. Thus, any claim of a discrete act of discrimination alleged under Title VII or ADEA prior to June 5, 2021, is subject to dismissal. These discrete events may still be relevant as evidence of a hostile work environment claim.

However, in Plaintiff's reply to Defendants' objections, he raises equitable tolling as an independent ground for preserving these discrete discrimination claims for the first time. In a footnote, Plaintiff states "that the materials submitted herewith may be considered by the Court, as Rule 72 of the Federal Rules of Civil Procedure specifically allows the District Court to 'receive new evidence' on review and consideration of a report and recommendation from the Magistrate Judge." ECF No. 54 at 3 n.2. The relevant portion of Federal Rule of Civil Procedure 72(b)(3) provides as follows:

> ***Resolving Objections.*** The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The Court notes that "may" modifies the decision to receive further evidence. Moreover, as noted by another court in this district, the introduction of "'new evidence after the magistrate judge has acted [is] disfavored,' though the district court may allow it 'when a party offers sufficient reasons for so doing.'" *Rousselle v. Gov't of Honduras*, No. 2:25-CV-00539-RMG, 2025 WL 892551, at *2 (D.S.C. Mar. 24, 2025) (quoting *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C.2010)). Here, Plaintiff has not provided sufficient reasons for submitting new evidence nor has he asserted any reason this argument could not have been raised to the Magistrate Judge. Nevertheless, upon review of the merits of this argument, the Court finds that equitable tolling may possibly be permitted here; however, the record before the Court is insufficient to make such a finding. *See Farr v. S.C. Elec. & Gas Co.*, No. CV 3:16-2668-RMG-SVH, 2018 WL 3120672, at

7

*4 (D.S.C. Jan. 12, 2018), *report adopted in relevant part*, 2018 WL 1418183 (D.S.C. Mar. 21, 2018) ("In the employment-discrimination context, the Fourth Circuit has applied equitable tolling when the untimely filing resulted from processing delays at the EEOC."). Thus, to allow for a full opportunity to brief and review this argument, this portion of the motion for judgment on the pleadings is denied with leave to refile within 14 days.  If Defendants refile the motion, it will be referred to the Magistrate Judge.

## CONCLUSION

Based on the foregoing and upon review of the record, the applicable law, and the Report, the Court agrees with the recommendation of the Magistrate Judge in part and respectfully disagrees with the recommendation of the Magistrate Judge in part. Defendants' partial motion for judgment on the pleadings is **GRANTED in part, DENIED in part, and DENIED in part** with leave to refile.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 17, 2025
Spartanburg, South Carolina

8